1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

12

## SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| JAMES GENTRY, and individual; and STACEY GENTRY, an individual,<br><br>                                          Plaintiffs,<br>        vs.<br><br>PACIFIC RIM REAL ESTATE SERVICES, INC., a California Corporation; TURNEY, MOORE AND HENDERSON, LTD, a California Limited Partnership; and DOES 1 through 10, INCLUSIVE,<br><br>                                          Defendants. | CASE NO. 3:13-cv-01299-H-NLS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

23
24
25
26
27
28

        On December 3, 2013, Plaintiffs James Gentry and Stacey Gentry (collectively, "Plaintiffs") filed a motion for partial summary judgment. (Doc. No. 17.) On January 7, 2014, Defendant Pacific Rim Real Estate Services, Inc. ("Pacific") filed an

opposition.  (Doc. No. 18.)   On January 7, 2014, Defendant Turney, Moore & Henderson, Ltd. ("TMH") filed a separate opposition.  (Doc. No. 19.)  On January 10, 2014, Plaintiffs filed a reply in support of their motion.  (Doc. No. 20.)  On February 4, 2014, the Court submitted the motion pursuant to its discretion under Local Rule 7.1(d)(1).  (Doc. No. 25.)  For the following reason, the Court denies Plaintiffs' motion for partial summary judgment.

## I.    Background

On June 5, 2013, Plaintiffs filed a complaint against Pacific and TMH asserting claims under the Federal Fair Housing Act, the California Fair Employment and Housing Act, the California Unruh Civil Rights Act, common law negligence, and unfair business practices under the California Business and Professions Code.  (Doc. No. 1.)  Throughout the events at issue in this lawsuit, Plaintiffs lived at Shadow Glen Apartments in Ramona, California.  (Id. at 3.)  Deena Duran was the resident manager at Shadow Glen Apartments.  (Id.; Doc. Nos. 18-2 at 3.)  Plaintiffs allege that Ms. Duran implemented and enforced rules that discriminated against them on the basis of familial status.  (Doc. No. 1 at 4-7.)  TMH owned Shadow Glen Apartments.  (Id. at 3; Doc. No. 19-1 at 2.)  Pacific managed Shadow Glen Apartments.  (Doc. No. 1 at 3; Doc. No 18-2 at 2.)  Plaintiffs argue that because Ms. Duran was an employee of both Pacific and TMH, Pacific and TMH are both vicariously liable for her discriminatory actions.  (Doc. No. 1 at 3; Doc. No. 17 at 24-25.)

In this motion, Plaintiffs ask for partial summary judgment as to their causes of action under the Federal Fair Housing Act, the California Fair Employment and Housing Act, and the California Unruh Civil Rights Act.  (Doc. No. 17 at 2.)  Plaintiffs assert that there are no genuine issues of material fact as to these legal claims and that TMH and Pacific are vicariously liable for acts of Deena Duran as a matter of law.  (Id. at 15, 24-25.)  Defendants TMH and Pacific assert that there are genuine issues of material fact that preclude summary judgment.  (See Doc. Nos. 18, 19.)

//

1   **II.**     **Legal Standards**

2          *A.     Summary Judgment Standard*

3          Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

4   Procedure if the moving party demonstrates that there is no genuine issue of material

5   fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477

6   U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law,

7   it could affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

8   248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute is

9   genuine if a reasonable jury could return a verdict for the nonmoving party.  Anderson,

10  477 U.S. at 248.

11         A party seeking summary judgment always bears the initial burden of

12  establishing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.

13  The moving party can satisfy this burden in two ways: (1) by presenting evidence that

14  negates an essential element of the nonmoving party's case; or (2) by demonstrating

15  that the nonmoving party failed to establish an essential element of the nonmoving

16  party's case on which the nonmoving party bears the burden of proving at trial.  Id. at

17  322-23.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of

18  summary judgment."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809

19  F.2d 626, 630 (9th Cir. 1987).  Once the moving party establishes the absence of

20  genuine issues of material fact, the burden shifts to the nonmoving party to set forth

21  facts showing that a genuine issue of disputed fact remains.  Celotex, 477 U.S. at 322.

22  The nonmoving party cannot oppose a properly supported summary judgment motion

23  by "rest[ing] on mere allegations or denials of his pleadings," Anderson, 477 U.S. at

24  256; but, the nonmoving party need not "produce evidence in a form that would be

25  admissible at trial in order to avoid summary judgment."  Celotex, 477 U.S. at 324.

26         When ruling on a summary judgment motion, the court must view all inferences

27  drawn from the underlying facts in the light most favorable to the nonmoving party.

28  Matsushita, 475 U.S. at 587.  The Court does not make credibility determinations with

respect to evidence offered.  See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587).  Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

### B.  Vicarious Liability Standards

The Fair Housing Act forbids discriminatory acts in transactions involving rental housing but is silent as to whether vicarious liability applies.  See Meyer v. Holley, 537 U.S. 280, 285 (2003).  "Nonetheless, it is well established that the Act provides for vicarious liability."  Id.  District courts are to treat vicarious liability under the Fair Housing Act in accordance with traditional agency principles.  Id.; Curtis v. Loether, 415 U.S. 189, 195-96 (1974).  Federal courts generally look to the Second Restatement of Agency as a reference on traditional principles of agency in tort.  See, e.g., Vance v. Ball State University, 133 S. Ct. 2434, 2441 (2013); Holley v. Crank, 400 F.3d 667, 673 (9th Cir. 2005).  Under the Second Restatement, a principal is liable for the tortious conduct of an agent if the agent committed the act "while acting in the scope of their employment" or if the principal acted intentionally, recklessly, or negligently as to the consequences.  RESTATEMENT (SECOND) OF AGENCY § 219 (1958). "Generally, for an agency relationship to exist, a principal must consent to the agent acting on his behalf and subject to his control, and the agent must consent to act for the principal."  Holley, 400 F.3d at 673 (citing RESTATEMENT (SECOND) OF AGENCY § 1).

In resolving questions of vicarious liability under the California Fair Employment and Housing Act and the California Unruh Civil Rights Act, courts apply California principles of vicarious liability.  See, e.g., California Fair Emp't & Hous. Comm'n v. Gemini Aluminum Corp., 122 Cal. App. 4th 1004, 1015 (2004).  Under California law, the doctrine of *respondeat superior* allows an employer to be "held vicariously liable for torts committed by an employee within the scope of employment."  Purton v. Marriott Int'l, Inc., 218 Cal. App. 4th 499, 504 (2013) (quoting Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 208 (1991)).  California

courts generally interpret the phrase "scope of employment" broadly. Id. at 505 (citing Farmers Ins. Group v. County of Santa Clara, 11 Cal. 4th 992, 1004 (1995)). "Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when the facts are undisputed and no conflicting inferences are possible." Id. (quoting Mary M., 54 Cal. 3d at 213).

**III.   Discussion**

In this motion, Plaintiffs ask for partial summary judgment as to their causes of action under the Federal Fair Housing Act, the California Fair Employment and Housing Act, and the California Unruh Civil Rights Act. (Doc. No. 17 at 2.) Plaintiffs assert that there are no genuine issues of material fact as to these legal claims and that TMH and Pacific are vicariously liable for acts of Deena Duran as a matter of law. (Id. at 15, 24-25.) Defendants TMH and Pacific assert that there are genuine issues of material fact that preclude summary judgment. (See Doc. Nos. 18, 19.)

Under federal law, a principal is liable for the tortious conduct of an agent if the agent committed the act "while acting in the scope of their employment" or if the principal acted intentionally, recklessly, or negligently as to the consequences. RESTATEMENT (SECOND) OF AGENCY § 219. Under California law, "[o]rdinarily, the determination whether an employee has acted within the scope of employment presents a question of fact . . . ." Purton, 218 Cal. App. 4th at 504 (quoting Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 208 (1991)).

The parties dispute a number of issues of fact material to the agency inquiry. Plaintiffs' Complaint asserts that Deena Duran was an employee of TMH at all times relevant to the lawsuit. (Doc. No. 1 at ¶ 7.) TMH argues that one of the general partners of TMH, Margaret Turney Hulter, was unaware of any employment relationship between TMH and Ms. Duran until after this lawsuit was filed. (Doc. No. 19-1 at 2-3.) Furthermore, TMH argues that Pacific acted as Ms. Duran's supervisor, and that TMH had no role in directing Ms. Duran's duties. (Doc. No. 19 at 3.)

1  Plaintiffs assert that Harvey Pollack, the Chief Financial Officer of Pacific, was

2  Ms. Duran's direct supervisor.  (Doc. No. 17-1 at 2.)  They argue that Ms. Duran was

3  therefore an agent of Pacific.  (Doc. No. 17 at 25.)  But Pacific asserts that Ms. Duran

4  was an employee of TMH and that Mr. Pollack only supervised some aspects of Ms.

5  Duran's work.  (Doc. No. 18-2 at 3.)

6  "Generally, for an agency relationship to exist, a principal must consent to the

7  agent acting on his behalf and subject to his control, and the agent must consent to act

8  for the principal."  <u>Holley</u>, 400 F.3d at 673 (citing Restatement (Second) of Agency §

9  1).  Both TMH and Pacific have raised genuine issues of material fact regarding

10  whether they had an agency relationship with Ms. Duran.  As a result, the Court denies

11  Plaintiffs' motion for summary judgment.

12  **IV.  Conclusion**

13  Because genuine issues of disputed fact exist at least with respect to vicarious

14  liability, summary judgment is not appropriate.  Accordingly, the Court denies

15  Plaintiffs' motion.

16  **IT IS SO ORDERED.**

17  DATED: February 13, 2014

18

19  MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28